Ambrose Kennedy, Plaintiff in Error, *vs.* George H. Raught, Defendant in Error.

ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY.

*Section 83 of Chapter 63 of the Compiled Statutes, on pages 592-3,* is penal in its nature. Where a Justice of the Peace is sued under that section for not setting up a fee bill in his office, and acquitted, no appeal lies against him.

The section is limited in its operation to officers in, and to come into office, within six months after its passage.

Where a jury retire in the evening and the Court adjourns before they agree, the Judge cannot meet the jury in the absence of the parties and receive their verdict out of Court, discharge the jury and render the verdict himself on the opening of the Court, the following day. Such a proceeding is irregular.

Points and Authorities of Plaintiff in Error.

The errors apparent on this record, even though they may not be such as have been passed upon by the inferior jurisdiction, are, we hold, nevertheless cognizable by this Court. This Court will inspect the whole record and cause "to be done in the premises what of right and according to the laws of the land ought to be done." 11 *Wheat.,* 172; *Dred Scott vs. Sandford, December term Sup. Ct.* 1856; *Speak vs. Shepard,* 6 *Harr. & John.'s R.,* 81, citing *Am. Com. Law,* 5, 81; *Anderson vs. the State,* 5 *Harr. & John.'s R.,* 171; *Claflin et al. vs. Lawler et al.,* 1 *Minn. R.,* 297. With this understanding of the province and power of this Court we respectfully suggest,—

1. That the District Court had no jurisdiction in this case

and that the entire proceedings in the premises are void, and herein :

I.—The Defendant below had been tried before a justice of the Peace under a penal statute, and acquitted. This case,· whatever may be the language of the statute as to the remedy, is in the nature of a *qui tam* action. In Minnesota, under the statute, the act complained of is against a public officer for neglect of duty. This neglect subjects him to a penalty, to a forfeiture. It is called in law a misdemeanor, an offence. This then is not a case on contract ; nor has it any features of such a case. It is a case of a penalty by statute. The amount of the penalty is fixed and limited and cannot be to exceed two dollars for each day the law is violated by the public officer. It does not change the character of the offence that the penalty may be recovered by a civil action before a Justice of the Peace. *Constitution of the State of Minnesota, Art. 1, sec. 7.*

II.—But again, there is no appeal in criminal offences except by the Defendant charged with the offence. In this class of cases, whether the penalty goes to the State or to an individual by statute, the rule is the same. *Chap. 81, Rev. Stat., p. 413, sec. 1,* has been construed by this Court, in the *State vs. McGrorty, 2 Minn. R., p. 226-7,* and supported by authorities therein cited, to extend only to Defendants as offenders, and not to the prosecution in cases of an offence, whether the State, or an individual to whom the authoity is given by statute, be the prosecutor. *U. S. vs. Moore, 3 Cranch, 159.*

III.—But if the Court had jurisdiction of the offence, and could try the offender a second time on an appeal from a final judgment of acquittal, the Defendant was certainly entitled to the benefit of the rule that penal statutes where they act upon the offender must be construed strictly. · The Court erred in this respect. There is no proper case made by the pleadings presenting an issue on which judgment or verdict contemplated by the statute could be based. In all criminal or penal actions the verdict is guilty or not guilty. The Defendant is charged by the 34*th sec., chap. 73 of the statutes,* with an offence. The pleadings should have been so framed under the statute that the verdict might have been guilty or

not guilty; and in case of guilty, to have enabled them to have assessed the amount of the penalty according to the proofs in the premises. In the case of *Cole vs. Smith*, 4 *John.*, 393, 397, the rule is laid down in a *qui tam* action similar, to this effect, that in actions founded upon a statute, the pleading must state especially the cause of action arising under the statute. In this case the complaint does not follow the language of the statute. 17 *John.*, 438, 445.

IV.—There was no verdict rendered in this case such as the law recognizes. 3 *Bla. Com.*, 377; 3 *Gra. & Wat. on N. T.*, 1409; *State of Ohio vs. Eagles*, 13 *Ohio R.*, 394; 4 *Coms.*, 547, (cited in *Voorh. N. Y. C.*, 5th *Ed.*, p. 323; 1 *Monell's Prac.*, 2d *Ed.*, 690; 7 *John.*, 32; *Gra. & Wat. on New Trials*, 1408; *Sec.* 33, *chap.* 61, *Comp. Stat. of Minn.*, 561.


Points and Authorities of Defendant in Error.


I.—"Actions for fines and forfeitures, whether presented by public officers or private persons, are governed by the same rules as other civil actions."

The statute prescribing the forfeiture for want of publication of fee bill makes it recoverable by civil action, and in no other way. *Comp. Stats.*, 615, *sec.* 8; *Id.*, 592, *sec.* 34, (33).

II.—No doubt can be entertained of the sufficiency of the complaint to show a cause of action. Not even a reference to the statute upon which the complaint was grounded was necessary. *Van Sant. Pleadings*, 270; 8 *How.*, 431.

The complaint covers all the time the Plaintiff in Error was in office and is sufficiently definite; but were it otherwise, this is not the place to attempt to take advantage of such a defect. That question should have been settled on the trial. *Comp Stat.*, 502, *sec.* 34. If an irregularity is waived it is too late now to make an objection. 1 *Minn.*, 228.

III.—"Where a statute imposes a penalty or forfeiture for an act injurious to the rights of another, and the penalty is given to the party aggrieved, it is in the nature of a satisfaction for the wrong done." 2 *Comstock*, 182.

The Plaintiff is the party receiving the amount recovered, and is by statute made the party aggrieved.

IV.—No such error or irregularity was committed in receiving the verdict of the jury as will vitiate it.

"The Court is to be deemed open for every purpose connected with the cause submitted to the jury, until a verdict is rendered or the jury is discharged." *Comp. Stat.*, 560, *sec.* 29.

The jury agreed upon their verdict, were conducted into Court, delivered their verdict, and being asked whether they had agreed upon their verdict, declared the same in accordance with *sec.* 31, *p.* 560. That parties or attorneys are not present, is not the fault of the Court. It is not the duty nor would it be becoming in the Court to start out in pursuit of them, or to wait for them to be brought in ; they neglect their post at their peril.

Even had there been a technical irregularity under *section* 33, that section can only be regarded as directory, and no such wrong or injustice was committed as to induce a higher Court to reverse the judgment of a jury and the proceedings of the Court below. 2*d vol. Gra. & Wat. on New Trials,* 49.

V.—The statute is intended to operate as a protection against exorbitant and illegal charging, and for that purpose operates as a law until it is repealed by subsequent legislation. It has not been repealed.

"A penal statute is not to be construed so strictly as to defeat the obvious intention of the Legislature in passing it." 1 *Selden,* 562.

Thomas Cowan, and Cox & Bryant, Counsel for Plaintiff in Error.

Paulding & Austin, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.—The Defendant below was sued under *sec.* 33, *p.* 592 *of the Compiled Statutes,* for not publishing and setting up in his office a table of his fees as Justice of the Peace. The suit was commenced in 1858, and the complaint charged that the Defendant was a Justice for two years immediately preceding the 11th day of May, 1858. The Defendant was acquitted before the Justice, from which an appeal was taken to the District Court, where he was con-

victed, and a verdict rendered against him of $39.00.   At the trial in the District Court the jury was sent out for deliberation in the evening of Wednesday, and the Court at once adjourned until Friday morning then next.   No stipulations were made concerning the manner of receiving the verdict when the jury should agree.   At half past eleven o'clock on Wednesday night, the jury being agreed, came into the Court Room, where the Judge received their verdict in the absence of both parties, and discharged them.   On Friday morning the Judge announced the verdict without the jury being called, or being present to be polled, or verify the verdict. Exceptions were taken to these several errors and were overruled by the Court.

The statute under which this prosecution is taken is clearly a penal law.   It imposes a duty, and declares a forfeiture of money not to exceed two dollars for each day the duty is neglected.   The penalty is recoverable in a civil action by any informer in his own name, but that does not change its penal nature.   We think, therefore, that the Defendant having been fairly acquitted of the offence, no appeal could be taken against him.   *Const. Minn., art.* 1, *sec.* 7.

We think the statute is limited in its operation to officers in office, and to come into office, within six months after its passage.   The language is that the fee bill must be set up in his office "within six months after the passage thereof," referring to the chapter which was passed in 1851.   The reason may have been that after that time the statutes would be sufficient notice in themselves.   It may be the result of inartificial expression.   It is however clear, and can admit of no construction that would extend it to the present case.

The Judge erred in receiving and delivering the verdict in the manner he did.   It is very customary when juries are sent out in the evening, to consent that they may seal up their verdict and disperse if they do not agree before the adjournment of the Court.   In such cases they deliver it to their foreman, the Judge, clerk or such person as may be agreed upon; but the jury is not discharged, it is only permitted to separate, and in all cases assembles to render the verdict.   Parties perhaps in a strictly civil case might consent to let them be

discharged on their agreement and receive the verdict in their absence, but consent would be always necessary. Jurors have been frequently known to agree to a verdict merely for the purpose of being liberated, and dissenting when the verdict is about to be rendered. Parties are always entitled to have the jury present when the verdict is rendered.

The judgment must be reversed.